IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

COLUMBIA STATE BANK,

        Plaintiff,

                              3:12-CV-1670-PK

                              OPINION AND
v.                            ORDER

GREG H. KUBICEK,

        Defendant.

PAPAK, Magistrate Judge:

Plaintiff Columbia State Bank ("Columbia") filed this action against defendant Greg H. Kubicek ("Kubicek") on September 14, 2012. Columbia alleges Kubicek's breach of three guaranty contracts the parties entered into in January 2012. Columbia asserts that this court has subject-matter jurisdiction over its claim pursuant to 28 U.S.C. § 1332, based on the complete diversity of the parties and the amount in controversy. Kubicek challenges that assertion, as well as the propriety of venue in this judicial district.

Now before the court is Kubicek's motion (#6) to dismiss Columbia's claim against him for lack of subject-matter jurisdiction and for improper venue. I have considered the motion and all of the pleadings and papers on file. For the reasons set forth below, Kubicek's motion is denied.

Page 1 - FINDINGS AND RECOMMENDATION AND ORDER

## LEGAL STANDARDS

### I. Subject-Matter Jurisdiction

The federal courts are courts of limited jurisdiction. *See, e.g., Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005), *citing Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). As such, the courts presume that causes of action "lie[] outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377; *see also, e.g., Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006).

A motion under Federal Civil Procedure Rule 12(b)(1) to dismiss for lack of subject-matter jurisdiction may be either "facial" or "factual." *See Safe Air v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004), *citing White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack on subject-matter jurisdiction, the moving party asserts that a plaintiff's allegations are insufficient on their face to invoke federal jurisdiction, whereas in a factual attack, the moving party disputes the factual allegations that, if true, would give rise to subject-matter jurisdiction. Where a defendant raises a facial challenge to subject-matter jurisdiction, the factual allegations of the complaint are presumed to be true, and the motion may be granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003). By contrast, where a defendant raises a factual challenge to federal jurisdiction, "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment," *Safe Air v. Meyer*, 373 F.3d at 1039, *citing Savage*, 343 F.3d at 1039 n.2, and "need not presume the truthfulness of the plaintiff's allegations," *id., citing White*, 227 F.3d at 1242.

Page 2 - FINDINGS AND RECOMMENDATION AND ORDER

"Defective allegations of jurisdiction may be amended, upon terms, in trial or appellate courts." 28 U.S.C. § 1653. It is improper to dismiss an action based on a defective allegation of jurisdiction without leave to amend "unless it is clear, upon de novo review, that the complaint could not be saved by amendment." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 828 n.6 (9th Cir. 2002), *citing Lee v. City of Los Angeles*, 250 F.3d 668, 692 (9th Cir. 2001).

## II.     Venue

A motion to dismiss for improper venue is governed by Federal Civil Procedure Rule 12(b)(3). If the propriety of venue is challenged by a motion brought under Rule 12(b)(3), the plaintiff bears the burden of proving that venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). When considering a motion to dismiss for improper venue, a court need not accept the plaintiff's allegations as true and may consider facts outside of the pleadings. *See Doe 1 v. AOL, LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009). Whether to dismiss an action for improper venue, or alternatively to transfer venue to a proper court, is entirely within the sound discretion of the district court. *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

## MATERIAL FACTS

It is undisputed that plaintiff Columbia is a Washington Corporation with its principal place of business in Washington, and that Columbia is a citizen of the State of Washington for purposes of diversity jurisdiction. The parties vigorously dispute, however, the state of Kubicek's citizenship. Kubicek takes the position that he is a domiciliary of Washington, whereas Columbia takes the position that he is a resident, citizen, and domiciliary of Oregon.

In support of his motion to dismiss, Kubicek offered into evidence his own sworn

affidavit dated October 22, 2012, that he is "a citizen and resident of the State of Washington," that he has "continuously been a citizen and resident of the State of Washington since 1994," and that he has "never been a citizen or resident of the State of Oregon." Kubicek specifically testified that his "residence is a condominium" located in Vancouver, Washington, of which he is the owner.[1] By and through his October 2012 affidavit, Kubicek testified that he holds a Washington driver's license, is registered to vote and regularly votes in Washington, is employed in Washington, and registers his automobiles in Washington. Kubicek testified that he has never filed personal income taxes in Oregon, and uses his Washington address on his federal tax filings. Kubicek testified that he maintains his personal investment accounts in Washington and California, and that his philanthropic activities are centered in Washington and, "to a lesser extent," California.

By and through his October 2012 affidavit, Kubickek conceded that he is the owner of a residential property in Portland, Oregon (the "Portland property"). Kubicek testified that the Portland property lies on "additional acreage" that he "intend[s] to develop at some future date into separate lots for resale." Kubicek testified that he "acquired" his Portland property prior to his 2004 marriage to Elizabeth Cramer, a "citizen and resident of the State of Oregon."

Kubicek offered in further support of his motion a prenuptial "Property Status Agreement" he executed with Cramer prior to their marriage, pursuant to which Kubicek and Cramer agreed that Kubicek would "continue to be a resident of the State of Washington" during the marriage and that Cramer would "continue to be a resident of the State of Oregon" during the

---

[1] In his memorandum of law in support of his motion, Kubicek states flatly that he "resides in the state of Washington," that this "has been the case for approximately 18 years," and that his "principal residence" is the Vancouver condominium.

Page 4 - FINDINGS AND RECOMMENDATION AND ORDER

marriage. Kubicek testified that the Portland property is his wife's "full time residence" and that he himself is, in consequence, "frequently physically present" there, but that he does not consider the Portland property to be his own "place of residence."

Kubicek conceded that he was served with process in connection with this action on September 14, 2012, while in Portland, Oregon, at his Portland property, but testified that he was there for the sole purpose of picking up his wife before returning with her to Vancouver, Washington, for "a charity event."

In opposition to Kubicek's motion, Columbia offered a significant body of evidence suggesting, in contradiction of Kubicek's sworn testimony of October 2012, that Kubicek has been a resident of Portland, Oregon, for approximately ten years. Julia Kubicek ("Julia"), an ex-wife of Kubicek, testified in deposition that Kubicek has lived exclusively in his home on the Portland property since 2002, when he first acquired it. Julia testified that she co-parents her daughters with Kubicek, and that Kubicek over the years regularly shuttled the children back and forth between Oregon and Washington, but that she had never known him to use his Vancouver, Washington, condominium in connection with that task. Specifically as to 2012, the year in which Columbia initiated these proceedings against Kubicek, Julia testified that she herself resided in Kubicek's Vancouver condominium from June 2012 through December 2012, and that she never saw Kubicek at the condominium during the time she resided there.

In further support of its opposition to Kubicek's motion, Columbia offered evidence in the form of utility records tending to establish that Kubicek's Vancouver condominium was unoccupied for at least the five years preceding Julia's residence there, with *de minimis* or no usage of water, electricity, or natural gas during those years. Similarly, Columbia offered

Page 5 - FINDINGS AND RECOMMENDATION AND ORDER

testimony of Gary Goertzen, a member of the board of directors of the condominium association where Kubicek's Vancouver condominium is located, that the condominium appeared consistently to be vacant and uninhabited for approximately ten years prior to June 2012 when Julia moved in. Columbia also offered similar, consistent testimony from Kim Braaten, community manager of the condominium association.

Columbia further offered evidence tending to establish that Kubicek's family pets all live at the Portland property and receive veterinary care exclusively in Portland, that Kubicek entertains guests at the Portland property and not in Washington, and that Kubicek maintains a home office at the Portland property. Columbia also offered evidence tending to establish that during the period from 2004 to 2006, Kubicek spent in excess of $850,000 renovating the home at the Portland property. Columbia offered Kubicek's deposition testimony that his personal physician is in Portland, Oregon, that he is a member of a weekly running group based in Portland, that he regularly works with a Portland-based personal trainer, and that he is a member of the Multnomah Athletic Club in Portland, Oregon.

Columbia additionally relies on evidence of record tending to establish that Kubicek owns or manages several additional parcels of land in Oregon, regularly conducts philanthropic activities in Oregon, maintains an extensive collection of wines in Portland, and is associated with 22 different business entities registered with the Oregon Secretary of State, 15 of which are Oregon corporations. Columbia offered evidence that Kubicek regularly conducts business in Oregon, including business meals and meetings.

In addition, Columbia offered deposition testimony of Kubicek and Cramer that during their marriage they spent all family celebrations at the Portland property and none in Washington.

Page 6 - FINDINGS AND RECOMMENDATION AND ORDER

Columbia offered testimony of friends and business associates of Kubicek that Kubicek appeared at all times to live in Portland, Oregon, and never held himself out as or appeared to be living in Washington.

In connection with his reply memorandum in support of his motion, Kubicek offered into evidence his own sworn declaration dated March 25, 2013. By and through his March 2013 declaration, Kubicek testified that he purchased the Portland property in 2002 "as an investment," but "continued to share time" with his children at a property in Washington thereafter. He further testified that in 2003 he sold that Washington property and purchased his Vancouver condominium, which he then "furnished and made [his] home." Kubicek testified that his wife, Cramer, began living at the Portland property "[p]rior to" her marriage to Kubicek in 2004, and that "[e]ventually" his daughters "also began to spend time" there.

By and through his reply memorandum, Kubicek for the first time expressly "agreed that [he] lives with . . . Cramer in the [residence on the Portland property,]" and characterized his presence in Oregon as "temporary long-term residence in Oregon." Kubicek adopted the position that he has no intention of ever "living permanently" at the condominium in Vancouver that he previously referred to as his "residence," but that he nevertheless intends one day to "live permanently in the State of Washington," some time after his daughters graduate from school.

By and through his March 2013 declaration, Kubicek acknowledged his business interests in Oregon, but testified that his "most significant business interests" were in Washington. He further testified that, although he owns and manages real estate in Oregon, he owns "more real estate, judged by size, value, and work required of [him], in Washington than in Oregon." Kubicek testified that Cramer began working with a realtor "to plan for the sale of" the home on

Page 7 - FINDINGS AND RECOMMENDATION AND ORDER

the Portland property in January 2012. Neither Cramer nor Kubicek has ever listed that residence as available for sale.

## ANALYSIS

### I. Subject-Matter Jurisdiction

Columbia alleges Kubicek's liability under state contract law for breach of the three guaranty agreements underlying its claim, and it is undisputed that Columbia's claim against Kubicek does not give rise to any federal question. Columbia's sole theory of subject-matter jurisdiction is pursuant to 28 U.S.C. § 1332, and is premised on the complete diversity of the parties' citizenship and the amount in controversy. It being undisputed that Columbia is a citizen of Washington for diversity purposes, it is therefore Columbia's burden in response to Kubicek's jurisdictional challenge to establish that Kubicek is not a citizen of Washington, but rather a citizen of Oregon, his undisputed state of current residence. *See Lew v. Moss*, 797 F.2d, 749 (9th Cir. 1986), *citing Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961).

"To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States." *Id., citing Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *Hill v. Rolleri*, 615 F.2d 886, 889 (9th Cir. 1980). "[A] person is 'domiciled' in a location where he or she has established a '"fixed habitation or abode in a particular place, and intends to remain there permanently *or indefinitely*."' *Id.* at 740-750 (internal modifications omitted), *quoting Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940). "[T]he existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed." *Id.* at 750, *citing Hill*, 615 F.2d at 889.

When a domiciliary of a state ceases residing in that state, domicile in that state is not

Page 8 - FINDINGS AND RECOMMENDATION AND ORDER

extinguished unless and until a new domicile is acquired in a different state. *See id., citing Barber v. Varleta*, 199 F.2d 419, 423 (9th Cir. 1952). "A change in domicile requires the confluence of (a) physical presence at the new location with (b) an intention to remain there indefinitely." *Id., citing Owens*, 115 F.2d at 162.

"[T]he determination of an individual's domicile involves a number of factors (no single factor controlling), including: current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes. *Id.* (citations omitted). "[D]omicile is evaluated in terms of 'objective facts,' and [a party's] 'statements of intent are entitled to little weight when in conflict with facts.'" *Id., quoting Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 556 (5th Cir. 1985).

As noted above, notwithstanding Kubicek's contrary express sworn testimony and prior expressly adopted position, Kubicek now concedes that as of September 2012 he was a current, if avowedly temporary, resident of Oregon. Indeed, even absent Kubicek's concession, the evidence of record establishes that Kubicek does not by any metric reside in Washington, but rather has at all material times resided in Portland, Oregon, where he lives with his family when not traveling for business or vacation. The first *Lew* factor therefore mitigates strongly in favor of finding domicile in Oregon.

Kubicek's testimony regarding his voter registration and voting practices mitigates solidly in favor of finding him domiciled in Washington.

The evidence of record tends to establish that Kubicek owns personal and real property in

Page 9 - FINDINGS AND RECOMMENDATION AND ORDER

both Washington and Oregon. It appears to be a fair inference from the record that the bulk of Kubicek's personal property is maintained in Oregon, including most of his home furnishings, his automobiles, and his extensive wine collection. Moreover, although it appears that Kubicek owns real property for business purposes in both Washington and Oregon, and likely owns more such property in Washington than in Oregon, his single most significant piece of real property owned for personal purposes is the Portland property. I therefore conclude that the third *Lew* factor mitigates at least mildly in favor of finding domicile in Oregon.

Kubicek testifies that his personal investment and bank accounts are located in Washington. The fourth *Lew* factor therefore mitigates in favor of domicile in Washington.

Kubicek's current spouse and his family with her live in Oregon, in the home on the Portland property. Moreover, although Kubicek's former spouse is a Washington resident, Kubicek co-parents his children with her, and the locus of his family life with his daughters by Julia is likewise the Portland property. The fifth *Lew* factor therefore mitigates in favor of domicile in Oregon.

Kubicek is involved in business and charitable organizations, and is a member of athletic clubs and rotary clubs, in both Washington and Oregon. I conclude in light of the evidentiary record that the sixth *Lew* factor does not weigh significantly in favor of domicile in either Washington or Oregon.

Although Kubicek does business in Oregon and maintains an office in the residence on the Portland property where he sometimes works, his principal place of business is clearly in Washington. The seventh *Lew* factor therefore mitigates in favor of finding domicile in Washington. Similarly, Kubicek uses a Washington address for filing taxes, registers his

Page 10 - FINDINGS AND RECOMMENDATION AND ORDER

automobiles in Washington, and maintains a Washington driver's license, so that the eighth and ninth *Lew* factors likewise mitigate in favor of finding him domiciled in Washington.

The foregoing synopsis makes clear that all of the factors addressing domestic choices and habits strongly favor a finding of domicile in Oregon, whereas the factors weighing in favor of Washington all address business preferences, financial convenience, and electoral choices. In light of all of the evidence and the particular facts of this case, I am persuaded that the factors addressing domestic choices and habits should properly carry the most weight in determining Kubick's domicile. Kubicek's long-term exclusive residence in Oregon and significant domestic arrangements in Oregon are the result of his own choices rather than of factors beyond his control, and nothing in the evidentiary record suggests that the proportion of Kubicek's business, financial, or electoral arrangements that takes place in Washington rather than Oregon constitute the *bona fide* nucleus of Kubicek's domestic existence. I therefore conclude that, under *Lew*, the objective facts indicate that as of the date he was served in this action, Kubicek was domiciled in Oregon rather than in Washington.

I am mindful in this connection of Kubicek's expressed intent one day to return to Washington and thenceforth to reside there permanently. However, Kubicek's own testimony makes quite clear that Kubicek harbors no specific intent to return to Washington at any particular time or within any particular timeframe, but rather that he intends to remain in Oregon for some indefinite period of time, albeit only on a "temporary long term" basis. Kubicek's intent to remain in Oregon for an indefinite period, notwithstanding his intent to leave Oregon permanently at some future time, coincident with his long term residence in Oregon, is sufficient to establish that Kubicek's place of domicile is Oregon. *See, e.g., Gilbert v. David*, 235 U.S. 561,

Page 11 - FINDINGS AND RECOMMENDATION AND ORDER

569 (1914) (domicile requires a combination of residence and either the intention to remain permanently or the intention to remain indefinitely); *Von Kennel Gaudin v. Remis*, 379 F.3d 631, 636 (9th Cir. 2004) (same), *quoting Mozes v. Mozes*, 239 F.3d 1067, 1075-1076, n.21 (9th Cir. 2001). Kubicek's intent to return to Washington following such indefinite period of residency in Oregon is of precisely the same nature as the "floating intention" the United States Supreme Court expressly found inadequate to support a finding of domicile in *Gilbert, supra*: "If a person has actually removed to another place, with an intention of remaining there for an indefinite time, . . . it is to be deemed his place of domicile, notwithstanding he may entertain a floating intention to return at some future period." *Gilbert*, 235 U.S. at 569 (citation omitted); *see also, e.g., Hawes v. Club Ecuestre El Comandante*, 598 F.2d 698, 701 (1st Cir. 1979) (change of domicile accompanies a change of residence when coincident with "an intention to remain at the new residence indefinitely; it is not required that the intention be to stay there permanently. A 'floating intention' to return to a former domicile does not prevent the acquisition of a new domicile."); *Arnold v. Melwani*, Case No. CV 09-00030 DAE, 2013 U.S. Dist. LEXIS 4860, *58 (D. Guam Jan. 9, 2013) ("a vague intention to move somewhere at some point in the future, even back to one's hometown, is not in itself sufficient to establish domicile there").

Because the evidence of record establishes that Kubicek is domiciled in Oregon, and is therefore a citizen of Oregon, and because the amount in controversy between the parties exceeds the jurisdictional threshold of $75,000, this court may properly exercise subject-matter jurisdiction over Columbia's claim. *See* 28 U.S.C. § 1332(a). In consequence, Kubicek's motion to dismiss is denied to the extent premised on the absence of federal subject-matter jurisdiction.

## II. Motion to Transfer for Lack of Venue

Kubicek's argument that venue for this action may not properly be laid in Oregon is premised expressly and entirely on the validity of his assertion of both residency and domicile in Washington. However, it is both clear as a matter of law that venue is proper "in any jurisdiction in which any defendant resides," 28 U.S.C. § 1391(b)(1), and undisputed that Kubicek's place of residence as of September 2012, albeit of temporary indefinite residence, was Oregon. Venue is therefore appropriately laid in this district. Kubicek's motion to dismiss is denied to the extent premised on improper venue.

## CONCLUSION

For the reasons set forth above, Kubicek's motion (#6) to dismiss for lack of subject-matter jurisdiction and for improper venue is denied.

Dated this 20th day of May, 2013.

Honorable Paul Papak
United States Magistrate Judge

Page 13 - FINDINGS AND RECOMMENDATION AND ORDER